UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>   v.<br><br>NUBIA CASTRO DEL VILLAR,<br><br>                            Defendant. | Case No. 19-cr-03389-BAS-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE AND TO REDUCE SENTENCE PURSUANT TO FIRST STEP ACT (ECF Nos. 38, 45)** |

On January 8, 2020, this Court sentenced Ms. Castro Del Villar to 37 months in custody for importing over 50 kilograms of methamphetamine into the United States. (ECF Nos. 33, 25 ("PSR") ¶¶ 3–5.) After serving approximately eight months of this sentence, Ms. Del Villar wrote a letter to the Court requesting "compassionate release." (ECF No. 38.) The Court appointed counsel to represent her, and counsel filed an additional Motion to Reduce Sentence Under the First Step Act. (ECF No. 45 ("Defendant's Motion").) The Government opposes. (ECF No. 52 ("Government's Response").) For the reasons stated below, the Court **DENIES** Ms. Del Villar's motion.

**I.     BACKGROUND**

Ms. Del Villar pled guilty to importing over 50 kilograms of methamphetamine into the United States from Mexico. (PSR ¶¶ 3–5.) Ms. Del Villar is overweight and suffers from high blood pressure. (Defendant's Motion, Exhs. F, G.) However, her weight has

improved in the brief period she has been in custody, and her blood pressure has been "well-controlled."[1] (*Id.*)

Ms. Del Villar is also concerned because she was diagnosed with a mass in her breast after a mammogram in March 2020. (Defendant's Motion, Exhs. H, I.) The doctor recommended that an additional ultrasound be performed, which was accomplished in August. (Defendant's Motion, Exh. K.) The ultrasound found the mass provided "moderate suspicion for malignancy." (*Id.*) A biopsy was recommended. (*Id.*) Ms. Del Villar was scheduled for the recommended biopsy on September 7, 2020, but it did not occur. (Defendant's Motion, Exh. M.) Upon an inquiry from her counsel, the Bureau of Prisons ("BOP") responded on October 9, 2020, that "FCI Dublin is in the process of scheduling the recommended procedure," but that the ongoing COVID-19 pandemic has made it more difficult for everyone, including BOP inmates, to schedule medical appointments. (Defendant's Motion, Exh. L.)

Ms. Del Villar has been housed at FCI Dublin, which has done a better than average job of keeping the coronavirus at bay, particularly when compared with other BOP facilities. Since the outbreak this year, the BOP reports 11 inmates and 6 staff were diagnosed with COVID-19. *See* BOP, Covid-19 Cases, http://www.bop.gov/coronavirus (last visited Oct. 30, 2020). However, none of the inmates or staff died from the virus, and currently the BOP reports only 2 inmates and no staff are positive for the virus. *Id.*

On June 17, 2020, Ms. Del Villar requested compassionate release from the Warden at FCI Dublin, but this request was denied on July 6, 2020. (Defendant's Motion, Exhs. A, B.) There is no evidence that she appealed this decision.

---

[1] Ms. Del Villar's blood pressure has been carefully monitored since her incarceration, and the medication she has been prescribed appears to be keeping her blood pressure under control. Her medical records reflect the following readings: 2/7/20 **128/70**; 2/13/20 **134/78**; 3/4/20 **111/69**; 6/22/20 **141/84**; 7/13/20 **98/69**; 7/17/20 **122/75**; 8/19/20 **106/73**. Her weight has gone from 176 on 2/7/20 to 171 on 3/4/20. (Defendant's Motion, Exh. G.)

## II. ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, modify or reduce a defendant's term of imprisonment, after she has exhausted her administrative remedies, if "considering the factors set forth in [18 U.S.C.] section 3553(a)," the court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Ng Lap Seng*, 459 F. Supp. 3d 527, 532 (S.D.N.Y. 2020). As the movant, the defendant bears the burden to establish that she is eligible for a sentence reduction. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

### A. Exhaustion

"Requiring inmates to exhaust their administrative remedies before seeking court intervention serves several purposes. First, it protects administrative agency authority by guaranteeing agencies the 'opportunity to correct [their] own mistakes.'" *Ng Lap Seng*, 459 F. Supp. 3d at 532 (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)). "Second, it promotes efficiency since claims 'generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court.'" *Id*. This Court agrees with the vast majority of courts in this circuit that have found such an exhaustion to be mandatory. *See, e.g.*, *United States v. Stanard*, No. CR 16-320-RSM, 2020 WL 1987072, at *4 (W.D. Wash. Apr. 27, 2020); *United States v. Otero*, No. 17-cr-879-JAH, 2020 WL 1912216, at *3 (S.D. Cal. Apr. 20, 2020); *United States v. Allison*, No. CR 16-5207-RBL, 2020 WL 1904047, at *2 (W.D. Wash. Apr. 17, 2020); *United States v. Fuller*, No. CR 17-0324 JLR, 2020 WL 1847751, at *2 (W.D. Wash. Apr. 13, 2020); *United States .v Aguila,* No. 2:16-0046-TLM, 2020 WL 1812159, at *1 (E.D. Cal. Apr. 9, 2020); *United States v. Carver*, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020).

Section 3582 provides two alternative routes to exhaustion. In the first, a petitioner files a petition, which is acted on by the Warden, and the petitioner proceeds to continue

to fully exhaust his or her administrative remedies by appealing this refusal from the Warden. In the second, the Warden takes no action, 30 days lapse and, because of the Warden's failure to act, the petitioner may proceed without fully exhausting his or her administrative remedies.

Ms. Del Villar fails to show that she exhausted her administrative remedies under either route. The Warden did, in fact, respond within 30 days, and Ms. Del Villar did not appeal this refusal. However, the Government may waive the administrative exhaustion requirements by asking the court to consider the substantive merits of a defendant's motion. *Ng Lap Seng*, 459 F. Supp. 3d at 538. The Government, in its Response, does not raise the issue of failure to exhaust administrative remedies and, instead, proceeds directly to the substantive issues. Therefore, the Court construes this as a waiver of the administrative exhaustion requirements.

### B. Extraordinary and Compelling Reasons

Defendant argues she has demonstrated extraordinary and compelling reasons for her release because: (1) she is 60 years old, (2) she is obese, (3) she has high blood pressure, and (4) she has received inadequate medical care for the lump in her breast. (Defendant's Motion.)

It appears that, as an individual gets older, the risk of severe illness from COVID-19 increases. *See* CDC, Coronavirus Disease 2019 (COVID-19), Older Adults, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Sept. 11, 2020). "For example, people in their 50s are at higher risk for severe illness than people in their 40s. Similarly, people in their 60s or 70s are, in general, at higher risk for severe illness than people in their 50s. The greatest risk for severe illness from COVID-19 is among those aged 85 or older." *Id.* That said, the fact that Ms. Del Villar is 60 years old and thus at higher risk than someone who is 40 or 50 years old, does not rise to the level of "extraordinary and compelling reasons."

Similarly, "[h]aving obesity, defined as a body mass index [over 30 kg/m] increases [the] risk of severe illness from COVID-19." *See* CDC, Coronavirus Disease 2019

(COVID-19), People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Oct. 16, 2020). Even a lower BMI of between 25 and 30 "might increase [the] risk of severe illness from COVID-19." *Id.* Ms. Del Villar, although her weight appears to be going down, reports a BMI of 30.8. Thus, she could be at higher risk were she to contract COVID-19.

And, people with high blood pressure also might be at increased risk for severe illness from COVID-19. *Id.* However, Ms. Del Villar's blood pressure appears to be well-controlled in custody.

Although all of these factors together could potentially lead to a risk for Ms. Del Villar, the fact remains that the virus is currently not widespread at FCI Dublin. Although obviously that could change, at the moment there do not appear to be extraordinary and compelling reasons for Ms. Del Villar to be released.

Additionally, Ms. Del Villar argues that she has received inadequate care for a lump in her breast. To date she has received a mammogram and a follow-up ultrasound. She is scheduled for a biopsy. Although it is unfortunate that the biopsy scheduled on September 7, 2020, was cancelled, the fact remains that FCI Dublin is in the process of scheduling this procedure. Even for those out of custody, it can take a frustratingly long time to schedule critical screenings, particularly, as the representative from FCI Dublin points out, during these pandemic times. The fact that it has taken two months from Ms. Del Villar's ultrasound to schedule a biopsy is not enough to show extraordinary and compelling reasons that justify immediate release.

**C.   The § 3553(a) Factors**

The Court must also assess the § 3553(a) factors applicable to Ms. Del Villar. Ms. Del Villar has only served eight to nine months of her 37-month sentence. Given the exceptionally large amount of methamphetamine involved, the need to reflect the seriousness of the offense, promote respect for the law and provide just punishment militates in favor of a longer sentence. Although Ms. Del Villar promises she has learned

her lesson, the Court must consider not only specific deterrence but also general deterrence as well. Finally, releasing Ms. Del Villar would create unwarranted disparities with many other defendants sentenced for importing methamphetamine. Thus, the Court finds the § 3553(a) factors warrant against reducing Ms. Del Villar's sentence.

## III. CONCLUSION

Ms. Del Villar fails to demonstrate extraordinary and compelling reasons for her request to be released early. Additionally, the § 3553(a) factors weigh against her early release. Accordingly, the Court **DENIES** Ms. Del Villar's Motion to reduce her sentence. (ECF Nos. 38, 45.)

**IT IS SO ORDERED.**

**DATED: October 30, 2020**

Hon. Cynthia Bashant
United States District Judge